# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MONDRE KETCHUM, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-2696 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

### MEMORANDUM OPINION AND ORDER

State inmate Mondre Ketchum filed a *pro se* section 2254 habeas petition challenging his two convictions for aggravated robbery with a deadly weapon. Respondent filed a motion for summary judgment (Docket Entry No. 15), to which petitioner filed a response (Docket Entry No. 17).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this lawsuit for the reasons that follow.

### *Procedural Background and Claims*

Petitioner pleaded guilty to two counts of aggravated robbery with a deadly weapon in Harris County, Texas. The trial court accepted the parties' plea bargain agreement and sentenced petitioner to twenty-five years' imprisonment on each count. Petitioner's attempts to appeal the convictions were dismissed by the court of appeals. The Texas Court of

Criminal Appeals refused discretionary review and denied petitioner's applications for state habeas relief.[1]

Petitioner raises the following claims for federal relief in the instant habeas petition:

1. Trial counsel failed to investigate the case and improperly advised petitioner to plead guilty.

2. The State breached the plea bargain agreement by changing the term of imprisonment from twenty years to twenty-five years after petitioner pleaded guilty.

3. There is insufficient evidence to support the convictions.

4. The State withheld an exculpatory videotape.

Respondent argues that these claims are barred by the federal one-year statute of limitations. In the alternative, respondent argues that the claims are partially unexhausted and procedurally defaulted, and that all of the claims lack merit.

It is unclear whether the limitations bar should be imposed in this case, given petitioner's tender of an exhibit in his response indicating that he mailed a timely petition that was never received. Because petitioner's habeas claims have no merit, the Court will consider petitioner's claims without regard to limitations or exhaustion.

---

[1] Petitioner simultaneously filed two applications for state habeas relief with the trial court, one for each of the two counts for aggravated robbery. The two applications and ensuing state court rulings are essentially the same, save for different case numbers. For efficiency and efficacy in the instant proceeding, the Court will cite to only one application, and any reference to petitioner's state habeas "application" will constitute a reference to both applications.

### *The Applicable Legal Standards*

*Habeas Review*

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary

3

conclusion was unreasonable." *Richter*, 131 S. Ct. at 786. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

*Summary Judgment*

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as

a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### *Breach of the Plea Bargain Agreement*

Petitioner contends that he "signed plea agreement for 20 yrs on 4-24-2012 while in court," but "[t]he 20 yrs was marked out by the State and dated 4-25-2012 and made 25 yrs." (Docket Entry No. 1, p. 6.)

Petitioner incorrectly asserts that he entered into a binding twenty-year sentence plea bargain agreement with the State. The record shows that he rejected the State's initial

twenty-year offer. He later changed his mind, but the offer at that point became a twenty-five year sentence, which petitioner accepted.

Petitioner's claim that the State breached a twenty-year sentence plea bargain agreement was rejected by the trial court on collateral review. The trial court entered the following relevant findings of fact:

13. The applicant's case was set for trial on April 23, 2012.

14. The plea bargain offer was twenty (20) years confinement before jury selection.

15. A jury was selected in the primary case on April 24, 2012.

16. After jury selection, the applicant indicated that he did not wish to proceed with the trial but wanted to plead guilty.

17. The trial court rejected the original plea bargain offer of twenty (20) years confinement.

18. The new plea bargain offer was twenty-five (25) years confinement.

19. On April 25, 2012, the applicant elected not to proceed with the jury trial but to plead guilty.

\* \* \* \*

28. The plea paperwork was originally filled out on April 24, 2012, before the case went through jury selection. Both [trial counsel] and the applicant initialed the plea papers where '20' is crossed out and '25' was written along with the date of April 25, 2012.

29. [Trial counsel] signed and the applicant initialed the plea paper regarding the State not abandoning the enhancement paragraph on April 25, 2012.

> 30. [Trial counsel] explained to the applicant that the plea bargain was for twenty-five (25) years and not twenty (20), and the applicant was present in court himself when the trial court rejected the original twenty-year confinement offer on April 25, 2012.
>
> 31. The applicant indicated to [trial counsel] that he understood and still wished to accept the twenty-five (25) years confinement offer instead of proceeding with trial.
>
> 32. The applicant placed his initials by the '25' and the enhancement paragraph freely and voluntarily, with a clear understanding of the options and consequences.

*Ex parte Ketchum*, pp. 50–55 (record citations omitted). The Texas Court of Criminal Appeals relied on these findings of fact in denying habeas relief. *Id*., at cover.

The trial court's findings are supported by the record. The State extended petitioner an offer of twenty years; however, the record shows that petitioner instead proceeded to trial and that a jury was seated. (Docket Entry No. 9-7, pp. 59–67.) Petitioner thereafter did not go forward, but instead entered into the plea bargain agreement made the basis of his habeas petition. In short, petitioner rejected the original twenty-year offer by proceeding to trial, and a twenty-five year plea bargain agreement was subsequently offered and accepted. Petitioner presents no probative summary judgment evidence establishing that the State breached a plea bargain agreement encompassing a twenty-year sentence.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable

application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

*Insufficient Evidence*

Petitioner next claims that the evidence is insufficient to support his conviction. Specifically, he complains that no weapon or stolen property was ever recovered at the scene of the first offense, and that the only evidence connecting petitioner to the second offense was a statement of a convicted felon who was also involved in the crime. According to petitioner, the testimony of an ex-felon is not admissible for any purpose and could not be used against him.

A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence. *Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986); *see also United States v. Vanchaik–Molinar*, 195 F. App'x 262, 2006 WL 2474048, at * 1 (5th Cir. 2006).

Even assuming petitioner's challenge to the sufficiency of the evidence were properly before the Court, his challenge lacks merit. As noted, petitioner pleaded guilty to the criminal charges for two counts of aggravated robbery with a deadly weapon. As part of the guilty plea procedures, petitioner initialed, signed, submitted to the Court, and acknowledged under oath in open court a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he admitted as follows:

> In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, MONDRE KETCHUM, hereafter styled the Defendant, on or about JULY 22, 2011, did then and there unlawfully, while in the course of committing theft of property owned by JEFFREY CHICO, and with intent to obtain and maintain control of the property, INTENTIONALLY AND KNOWINGLY THREATEN AND PLACE JEFFREY CHICO IN FEAR OF IMMINENT BODILY INJURY AND DEATH, and the Defendant did then and there use and exhibit a deadly weapon, namely, A KNIFE.
>
> \* \* \* \*
>
> I understand the above allegations and I confess that they are true and that the acts alleged above were committed on 7/22/11.
>
> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

(Docket Entry No. 9-5, pp. 41–42.)

Petitioner further initialed, signed, submitted to the Court, and acknowledged under oath in open court a "Plea Admonishments," in which he admitted as follows:

> 9. JUDICIAL CONFESSION: I hereby state that I have read or have been read the indictment or information filed in this case, and I confess and admit that I committed each and every allegation contained therein. I state that I am guilty of the offenses alleged, as well as any and all lesser included offense.

*Id*., p. 46.

Texas state law provides that, in a non-capital criminal prosecution, evidence necessary to support a guilty plea may be provided by the defendant's own judicial

9

confession and stipulation. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Petitioner's Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession and the judicial confession appearing within his Plea Admonishments provided sufficient evidence to support his guilty plea.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Ineffective Assistance of Trial Counsel*

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id*. at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance

was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

The Supreme Court recently emphasized in *Harrington v. Richter* the manner in which a federal court is to consider an ineffective assistance of counsel claim raised in a habeas petition subject to AEDPA's limitations:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard. Were that the inquiry,

>the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Richter*, 562 U.S. at 785 (quotation omitted).

Petitioner contends that trial counsel was ineffective in failing to investigate his case fully and in giving faulty plea advice. He apparently also complains that the trial court denied or ignored his motion to dismiss trial counsel.

In his Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, petitioner admitted in open court that, "I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him." (Docket Entry No. 9-5, pp. 41–42.) This acknowledgment was echoed in petitioner's Plea Admonishments. *Id.*, p. 45. These stipulations and admissions were made after petitioner filed his *pro se* motion to dismiss counsel; accordingly, petitioner waived his pre-plea motion by going forward with counsel and stipulating to counsel's satisfactory representation. No trial court error is shown.

Moreover, petitioner's stipulations regarding counsel's satisfactory performance waived any claims for ineffective assistance that predated the plea hearing. If a petitioner claims that counsel has not discharged this duty in context of a plea agreement, habeas relief

12

is available only if the petitioner can establish that counsel's performance in connection with the plea was deficient or incompetent and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59, (1985); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987). Petitioner in the instant case presents no cogent argument regarding a failure to investigate, and presents no probative summary judgment evidence of any specific investigation counsel failed to undertake or how such failure caused petitioner to enter into an involuntary or unknowing plea. His claims of a failure to investigate are conclusory and unsupported in the record, and form no basis for meriting habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that, although *pro se* habeas petitions are to be construed liberally, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").

Nor does petitioner present any probative summary judgment evidence that trial counsel provided him faulty or improper advice as to his guilty plea. In response to petitioner's allegations, trial counsel submitted an affidavit on collateral review in which she testified as follows:

> All of the court's written admonishments and plea papers were read aloud to Mondre Ketchum before he signed them. As I have always done in my law practice, all documents are read and signed individually. They are NEVER just given to the defendant to sign without explaining them thoroughly. All documents are then initialed and signed accordingly. The plea papers show a change from twenty years to twenty five years because that was the final offer made by the prosecutor. Defendant's case was set for trial on April 23, 2012. A jury was selected on April 24, 2012, and the offer was 20 years TDC before

13

> jury selection. After jury selection, the offer was increased to 25 years TDC. Defendant accepted that offer rather than continue with the trial.
>
> The defendant and I both initialed the plea papers where twenty is crossed out and twenty five is written.
>
> I signed and Mondre Ketchum initialed the plea papers regarding the State not abandoning the enhancement paragraph.
>
> I explained to Mondre Ketchum that the plea bargain was for twenty five years, not twenty. He then placed his initials by the 25 acknowledging the same.
>
> Mondre Ketchum did appear to understand the consequences of his plea.
>
> I in no way misled or coerced the defendant into entering a guilty plea. Defendant at all times knew that he had the right to continue with the jury trial.

*Ex parte Ketchum*, pp. 45–46, original emphasis.

In rejecting petitioner's claims against counsel, the trial court on collateral review found that trial counsel's affidavit was credible and that the facts asserted therein were true and correct. The trial court made the following relevant findings of fact:

> 5. The applicant does not carry his burden of proof by a preponderance of the evidence in this instant proceeding.
>
> 6. The applicant offers no facts to support his hindsight assertions that counsel performed below the objective[ly] reasonable standard.
>
> 7. The applicant's conclusory allegations are insufficient for habeas relief.
>
> 8. [Trial counsel] discussed the primary case and the companion case with the applicant, the options presented to them, and the consequences of each option.

9.  [Trial counsel] thoroughly explained to the applicant the nature of the charges.

10. [Trial counsel] thoroughly reviewed the facts of the cases with the applicant, including the allegations in the offense report and the evidence in the State's file.

11. [Trial counsel] thoroughly explained to the applicant the options and consequences presented to the defense, from plea bargaining to jury trial.

12. The applicant indicated to [trial counsel] that he understood each of the options.

\* \* \* \*

20. [Trial counsel] negotiated with the prosecutors on plea bargain offers.

21. [Trial counsel] related all plea bargains offers to the applicant.

22. The primary case, as indicted, has a punishment range of twenty-five (25) to ninety-nine (99) years, or life, confinement, plus a possible fine.

23. All of the court's written admonishments and plea papers were read aloud to the applicant before he signed them.

24. [Trial counsel] thoroughly reviewed the plea paperwork and plea admonishments with the applicant.

25. [Trial counsel] made sure that the applicant understood each item on the plea paperwork and plea admonishments before moving on to the next item.

26. It is [trial counsel's] usual practice to make sure that her clients clearly understand the consequences of his/her plea, and [trial counsel] did not deviate from that practice in the primary case.

27. The applicant was not forced, misled, or tricked into entering the guilty plea.

28. The plea paperwork was originally filled out on April 24, 2012, before the case went through jury selection. Both [trial counsel] and the applicant initialed the plea papers where '20' is crossed out and '25' was written along with the date of April 25, 2012.

29. [Trial counsel] signed and the applicant initialed the plea paper regarding the State not abandoning the enhancement paragraph on April 25, 2012.

30. [Trial counsel] explained to the applicant that the plea bargain was for twenty-five (25) years and not twenty (20), and the applicant was present in court himself when the trial court rejected the original twenty-year confinement offer on April 25, 2012.

31. The applicant indicated to [trial counsel] that he understood and still wished to accept the twenty-five (25) years confinement offer instead of proceeding with trial.

32. The applicant placed his initials by the '25' and the enhancement paragraph freely and voluntarily, and with a clear understanding of the options and consequences.

\* \* \* \*

39. On April 25, 2012, the applicant answered in the affirmative both when the trial court inquired whether the applicant was pleading guilty because he was guilty, and whether the applicant was entering into the guilty plea freely and voluntarily.

40. The applicant fails to overcome the presumption of regularity created by the official trial court documents.

41. The applicant fails to overcome the presumption of voluntariness created by the official trial court admonishments, and fails to establish facts necessary to prove that he pled guilty based upon coercion from any source.

42. The applicant fails to show that [trial counsel's] conduct fell below an objective standard of reasonableness and that, but for [trial counsel's]

       alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

* * * *

45.     The applicant elected to plead guilty freely, knowingly, and voluntarily on April 25, 2012.

46.     [Trial counsel] provided the applicant with effective representation.

47.     The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Id.*, pp. 50–55, record citations omitted. The trial court also made the following relevant conclusions of law:

2.     The applicant fails to allege sufficient facts, which if true, would entitle him to relief.

3.     The applicant fails to show that the conduct of counsel fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would have been different.

4.     When evaluating an ineffective assistance claim, the reviewing court looks at the totality of the representation and the particular circumstances of the case.

5.     The sufficiency of an attorney's assistance must be gauged by the totality of the representation of the accused.

6.     The court will not use hindsight to second-guess a tactical decision made by trial counsel, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness.

    7.      A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance.

    8.      A presumption of voluntariness is created in a plea if the defendant was admonished in accordance with the law, and then the burden of proving that a plea is involuntary shifts to the defendant.

    9.      Because the trial court properly admonished the applicant, there is a presumption that the applicant's guilty plea was voluntarily entered.

    10.    When the records indicate that the applicant was admonished, there is a prima facie showing of a knowing and voluntary plea.

    11.    The applicant has not overcome the presumption of regularity created by these trial court documents.

    12.    The applicant does not overcome the presumption of voluntariness created by the trial court's written admonishments, and fails to establish facts necessary to prove that he pled guilty based upon coercion from any source.

    13.    The totality of the representation afforded the applicant was sufficient to protect the applicant's right to reasonably effective assistance of counsel.

*Id.*, pp. 55–58, citations omitted. The Texas Court of Criminal Appeals relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Here, petitioner presents only his opinions and

conclusions that trial counsel was ineffective. He has presented no probative summary judgment evidence in support of his claims, and his claims have no merit.

The state court on collateral review rejected petitioner's claims of ineffective assistance and found that trial counsel was not ineffective. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

### *Brady Violation*

Petitioner alleges that the State unlawfully withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). To establish a *Brady* violation, a petitioner must prove that the evidence at issue was favorable to the accused, either because it was exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have resulted. *Banks v. Dretke*, 540 U.S. 668, 691 (2004).

According to petitioner, the State had in its possession, but claimed that it lost, a videotape showing that he was not present during the second aggravated robbery. Thus, petitioner must prove that the videotape existed, that the State was in possession of the videotape and refused to provide it to trial counsel through discovery, and that the videotape was exculpatory in that it established that petitioner was not involved in the second aggravated robbery incident.

19

Petitioner here proffers only conclusory allegations, not probative summary judgment evidence, that the videotape existed, that it was in the State's possession and that the State refused to disclose it, and that it proved petitioner's absence in the second aggravated robbery. Nothing in the record substantiates petitioner's claims regarding the alleged videotape. Petitioner's conclusory assertions carry no weight and do not entitle him to habeas relief. *See Ross*, 694 F.2d at 1011.

The state court determined that petitioner was not entitled to habeas relief. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 15) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on June 16, 2015.

_____
Gray H. Miller
United States District Judge